UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTOS M. PEREZ,

        Petitioner,

                                  CASE NO. 2:06-CV-11183
v.                                           HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

        Respondent.
_____/

**<u>OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS,
(2) DENYING PETITIONER'S SECOND MOTION FOR BOND, AND
(3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED
ON APPEAL IN FORMA PAUPERIS</u>**

**I.    Introduction**

Santos M. Perez ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of one count of third-degree criminal sexual conduct ("CSC"), Mich. Comp. L. § 750.520d(1)(a) (sexual penetration of a 13-year-old victim), and one count of fourth-degree CSC, § 750.520e(1)(a) (sexual contact with a 13-year-old victim by a defendant more than five years older), following a jury trial in the Genesee County Circuit Court in 2004. He was sentenced to concurrent terms of 30 to 180 months imprisonment and 12 to 24 months imprisonment on those convictions respectively.

In his pleadings, Petitioner challenges the trial court's jury instruction that mistake of fact was not a defense to the CSC charges at issue and claims that the trial court's instruction deprived him of a substantial defense and relieved the prosecution of proving intent. For the reasons stated, the Court denies the petition for writ of habeas corpus, as well as Petitioner's

1

second motion for bond. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Facts and Procedural History

Petitioner's convictions arise from his sexual assault upon a 13-year-old girl at his apartment in Genesee County, Michigan on August 16, 2003. The Michigan Court of Appeals set forth the background facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant's CSC convictions arise from an incident that occurred in his apartment on August 16, 2003. Defendant's girlfriend, Leila Kenner, Kenner's daughter, Amanda Kenner, and the victim, Amanda's friend, were spending the night at defendant's apartment. The victim slept on the sofa. During the night, defendant touched the victim's breasts and put his fingers in her vagina. The victim told both Amanda and Leila, and reported the incident to the police. Police Lieutenant Christopher Swanson questioned defendant in custody, and defendant stated that he mistakenly believed that the person he touched on the sofa was Leila. Defendant also called Leila's mother, Cristina Vickers, on the morning after the incident, and told her repeatedly that there had been a case of "misidentity." When Leila confronted defendant about it, he first denied it, but then said that if he did it, he thought it was Leila..

*People v. Perez*, No. 255430, 20054 WL 1490093, *1 (Mich. Ct. App. June 23, 2005) (unpublished).

At trial, the victim testified that she was sleeping on the couch in Petitioner's living room when she awoke to Petitioner touching her breast. She told him to stop and pushed his hand away. He stopped touching her and left the room. She fell back to sleep, but was awakened a second time when Petitioner touched her private area and penetrated her with his fingers. She again told him to stop. He eventually complied and went to his bedroom. The victim subsequently went to the bedroom where Amanda Kenner was sleeping and told her what had happened. The next day, the victim told Leila Kenner and her own mother what had occurred.

2

She reported the incident to police and underwent a medical examination.

Petitioner testified at trial in his own defense. He admitted touching the victim's breasts, but said that he was groggy from being tired after a long day at work and drinking beer. He thought that he was touching his girlfriend, but realized his mistake when the victim pushed his hand away and told him to stop touching her. Petitioner testified that he then went into the bedroom and had sex with his girlfriend. Afterward, he went to the bathroom and ate leftover spaghetti in the kitchen before returning to bed. He did not admit touching the victim a second time, nor did he admit penetrating her with his fingers.

The trial court instructed the jury on the elements of the offenses, reasonable doubt, and other matters at the end of trial. The trial court also instructed the jury that mistake of fact was not a defense to the CSC crimes.

At the close of trial, the jury convicted Petitioner of one count of third-degree CSC (sexual penetration of a 13-year-old victim) and one count of fourth-degree CSC (sexual contact with a 13-year-old victim by a defendant more than five years older). The trial court sentenced him to concurrent terms of 30 to 180 months imprisonment and 12 to 24 months imprisonment on those convictions.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting several claims of error including the claim contained in the current petition. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *People v. Perez*, No. 255430, 20054 WL 1490093 (Mich. Ct. App. June 23, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Perez*, 474 Mich. 1019, 708 N.W.2d 382 (2006).

Petitioner, through counsel, thereafter filed the present habeas petition asserting the following claim:

> He was denied due process by the trial court's constitutional error of giving a jury instruction that relieved the State of proving beyond a reasonable doubt the critical element of the CSC charges of general intent; then followed by the appellate court's use of the "harmless error" analysis in its review of the acknowledged constitutional error.

Respondent has filed an answer to the petition contending that it should be denied because Petitioner is no longer in custody pursuant to the fourth-degree CSC conviction and his claim lacks merit as to the third-degree CSC conviction.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

    A.    <u>Fourth-Degree CSC Conviction</u>

As an initial matter, Respondent contends that Petitioner may not challenge his fourth-degree CSC conviction because he was not in custody pursuant to that conviction at the time he filed his habeas petition. This Court agrees. A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n. 3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until *all* the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam). "The

6

federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3), emphasis supplied by the Supreme Court).

In this case, the record reveals that Petitioner was discharged from his fourth-degree CSC sentence on February 19, 2006. *See* Answer, pp. 6-7; Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"). Through counsel, he filed his habeas petition on March 20, 2006. Petitioner thus fully served his 12 to 24-month sentence for the fourth-degree CSC conviction before he instituted this action. He is therefore no longer in custody on the fourth-degree CSC conviction and the Court lacks subject matter jurisdiction over any challenge to the constitutionality of that conviction.

    B.    Third-Degree CSC Conviction

The remaining issue before the Court is Petitioner's claim that the trial court violated his constitutional rights by instructing the jury that mistake of fact was not a defense to the third-degree CSC charge. Respondent contends that this claim lacks merit because Petitioner's mistaken identity testimony did not cover the sexual penetration incident such that there was no evidence to warrant a mistake of fact instruction on the third-degree CSC charge.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v.*

7

*Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). State law instructional errors rarely form the basis for federal habeas corpus relief. *See Estelle*, 502 U.S. at 71-72.

Petitioner contends that the trial court's instruction that mistake of fact was not a defense to the charges relieved the prosecution of proving the general intent to commit the crime and violated his right to present a defense. It is well-established that the prosecution in a criminal case has the burden of proving every essential element of the crime charged beyond a reasonable doubt. *See, e.g., Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is also well-established that a criminal defendant has a constitutional right to a meaningful opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485 (1984). "A necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions." *Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002). "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988).

The Michigan Court of Appeals denied Petitioner relief on his claim. *See Perez*, 2005 WL 1490093 at *3-4. Noting the lack of Michigan authority addressing mistake of fact as to identity in the CSC context, the court determined that mistake of fact as to identity could be a defense to "the CSC offenses predicated on sexual contact with an underage person" as a matter of Michigan law. *Id.* at *4. The court explained that three elements must be satisfied for such a defense: "(1) the mistake must be honest and reasonable; (2) the mistake must be a mistake of fact, not of law; and (3) the mistake must negate the culpability required to commit the crime or

8

the existence of the mental state which the statute prescribes with respect to an element of the offense." *Id.* at *3 (citing 21 Am Jur 2d, Criminal Law, § 152, pp. 232-33). The court went on to conclude that even if the trial court erred in instructing the jury that Petitioner's alleged mistake of identity was not a defense and denying his pretrial motion regarding that defense, any such error was harmless. *Id.* at *4.

A federal court on habeas review does not assess whether a state court's reasoning is contrary to or an unreasonable application of clearly established federal law, only whether the ultimate conclusion is so. *See Merced v. McGrath*, 426 F.3d 1076, 1081 (9th Cir. 2005) ("[I]t is the state court's decision, as opposed to its reasoning, that is judged under the 'unreasonable application' standard."); *Onifer*, 255 F.3d at 316 (citing *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000)) ("[T]his court has held that even if a state court fails to articulate its reasoning for a decision on the merits, the deferential standards of AEDPA still apply."); *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (in applying § 2254(d)(1), "we are determining the reasonableness of the state courts' decision, not grading their papers.").

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, _ U.S. _, 127 S. Ct. 2321, 2328 (June 11, 2007) (holding that *Brecht* harmless error standard applies on habeas review whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman v. California*, 386 U.S. 18 (1967); *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it

has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's verdict). Jury instruction errors, like other trial errors, are subject to harmless error analysis. *See Neder v. United States*, 527 U.S. 1, 9 (1999) (a jury instruction "that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."); *Johnson v. United States*, 520 U.S. 461, 469 (1997).

In this case, accepting the Michigan Court of Appeals' determination that mistake of fact as to identity could be a defense to the third-degree CSC charge at issue, the Court finds that the trial court's instruction to the contrary was harmless. There was no evidence presented at trial to support a mistake of fact defense as to the digital penetration incident underlying the third-degree CSC charge. Petitioner admitted that he realized the victim was not his girlfriend when she told him to stop fondling her breasts and he stopped touching her. Petitioner did not claim that he then penetrated the victim thinking that she was his girlfriend – rather his testimony was that no such incident occurred. Thus, the trial court's instruction that mistake of identity was not a defense to the crimes did not deprive Petitioner of a substantial defense as to the third-degree CSC charge. Moreover, the trial court instructed the jury on the elements of the third-degree CSC offense and stated that the prosecution must prove each element beyond a reasonable doubt.

Because Petitioner did not assert that he was under any mistake as to identity with respect to the penetration incident, a mistake of fact instruction as to the third-degree CSC charge was not required at trial. Under Michigan law, a trial court is only required to give an instruction on a theory or defense when it is supported by the evidence. *See People v. Riddle*, 467 Mich. 116, 124, 649 N.W.2d 30 (2002); *see also People v. Byers*, No. 262330, 2006 WL

3371806 (Mich. Ct. App. Nov. 21, 2006) (mistake of fact instruction not warranted in CSC case where there was a lack of evidence that defendant acted in a mistaken manner or that any mistake was honest and reasonable). Put another way, Petitioner did not claim, nor was there any evidence to suggest, that he was under an honest and reasonable mistaken belief that the victim was his girlfriend during the penetration incident which formed the basis for the third-degree CSC conviction. Thus, Petitioner was not deprived of his right to present a defense as to the third-degree CSC charge, nor was the prosecution relieved of its burden of proving every element of that offense beyond a reasonable doubt. The Michigan Court of Appeals' denial of relief did not result in a decision contrary to, or an unreasonable application of, *Trombetta*, *Matthews*, or *Brecht*. Any error in instructing the jury that mistake of fact was not a defense to the charged crimes did not have a substantial and injurious effect or influence on the jury's verdict of guilt on the third-degree CSC offense. If the jury believed Petitioner's testimony that the digital penetration did not occur, the jury would have been required to acquit him – without regard to the victim's identity. Petitioner has thus failed to establish that the trial court's actions deprived him of a substantial defense or rendered his trial fundamentally unfair. Habeas relief is not warranted.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition. Given this determination, the Court also concludes that Petitioner is not entitled to bond.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

For the reasons stated, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus and Petitioner's second motion for bond are **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 27, 2007.

                                                s/Denise Goodine
                                                Case Manager